IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID ESCO WELCH,

    Plaintiff,

vs.

R. COUNTY, et al.,

    Defendants.

No. C 12-01506 YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING HIS REQUEST FOR LAW LIBRARY ACCESS; AND ADDRESSING HIS REQUEST TO AMEND HIS COMPLAINT**

    Plaintiff has filed a motion for appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel (Docket No. 13) is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff *pro bono*.

Also before the Court is Plaintiff's request for an order directing prison officials at San Quentin State Prison (SQSP) to allow him access to the law library. (Pl.'s Mot. at 4.)

In *Bounds v. Smith*, the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). Subsequently, the Supreme Court clarified that Bounds did not establish a substantive right to law library access, but rather signaled that in order for prisoners' right of access to the courts to be meaningful, they must be given adequate resources to prepare. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). The Court explained:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring

before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* at 351.

In the instant case, Plaintiff has not claimed any actual harm caused by his alleged lack of access to the SQSP law library or to any of the other items he listed. Furthermore, as mentioned above, the defendants in this case have not been served; therefore, no briefing schedule has been issued, and thus Plaintiff currently does not need library access to meet any deadlines. Accordingly, Plaintiff's request for an order directing prison officials at SQSP to provide Plaintiff with law library access (Docket No. 13) is DENIED at this time.

Finally, Plaintiff has indicated that "it has been [his] intention to amend the complaint . . . ." (Pl.'s Mot. at 5.) However, Plaintiff has not filed an amended complaint. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that the defendants in this action have not been served at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. *See* Fed. R. Civ. P. 15(a). As mentioned above, Plaintiff has not filed an amended complaint at this time. Therefore, Plaintiff must file an amended complaint using the Court's civil rights form in order for the Court to review any new causes of actions or new requests for relief. If Plaintiff fails to file an amended complaint, the Court will review his original complaint in a separate written Order.

This Order terminates Docket no. 13.

The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form with his copy of this Order.

IT IS SO ORDERED.

3

**United States District Court**
For the Northern District of California

DATED: August 31, 2012

*/s/ Yvonne Gonzalez Rogers*
YVONNE GONZALEZ ROGERS
United States District Judge