IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID ESCO WELCH,

    Plaintiff,

vs.

DEPUTY R. COUNTY, et al.,

    Defendants.

No. C 12-1506 YGR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, who is currently housed at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He then filed an amended complaint alleging various constitutional violations that occurred on February 17, 2011, while he was housed at the Martinez Detention Facility ("MDF"). His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MDF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Contra Costa County Sheriff David O. Livingston; Sheriff's Deputies R. County and M. Sibbitt, as well as the City of Martinez. Plaintiff seeks injunctive relief and monetary damages.

# DISCUSSION

## I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Injunctive Relief

Plaintiff seeks both injunctive relief and money damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

Plaintiff has alleged unconstitutional conditions of confinement during the period of his

confinement at MDF in February, 2011. Plaintiff seeks injunctive relief to remedy these alleged injuries. Since then, Plaintiff has been transferred to SQSP. Because Plaintiff has not been incarcerated at MDF since at least February, 2011, to the extent he seeks injunctive relief from the conditions of his confinement at MDF, those claims are DISMISSED as moot. The Court proceeds to review Plaintiff's remaining claims for damages.

### B. Excessive Force

Under the Eighth Amendment, a prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on February 17, 2011, he was subjected to excessive force by Defendants County and Sibbitt. Specifically, Plaintiff kicked his cell door to complain about "his damaged commissary items within the bag that had been sitting outside his jail cell door being stomped on by [a] jail trustee." (Compl. at 3.) Defendants County and Sibbitt responded by committing "uprovoked physical assault[s]" on him. (*Id.*) Plaintiff alleges that Defendant County wore "tactical gloves" when he entered Plaintiff's cell and "began physically punching Plaintiff's body and . . . head . . . slamming Plaintiff to the jail cell floor." (*Id.* at 3-4.) Plaintiff adds that Defendant Sibbitt then began "punching Plaintiff in his head, upper body and face . . . ." (*Id.* at 4.) Plaintiff claims that he sustained injuries as a result of this incident.

Liberally construed, Plaintiff's amended complaint states a cognizable Eighth Amendment claim against Defendants County and Sibbitt.

### C. Falsification of Reports

Plaintiff alleges that Defendants County and Sibbitt gave "different accounts in their written reports on this same incident." (*Id.* at 4.) Thus, Plaintiff argues that these Defendants "wrote false reports in trying to cover-up there [sic] assault on Plaintiff." (*Id.* at 1.) Plaintiff's allegations could be construed as claim alleging a violation of his due process rights.

3

While Plaintiff claims the aforementioned reports were "false," his allegations do not state a due process violation. Plaintiff does not contend that he did not receive procedural due process -- his claim is simply that the reports were false. Therefore, the Court finds that Plaintiff's allegations that Defendants County and Sibbitt falsified their reports are not sufficient to state a constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-14 (1976); *see also Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1097 (1st Cir. 1987) (no due process claim for false information maintained by police department); *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files does not state constitutional claim). Therefore, Plaintiff's due process claim -- relating to alleged falsification of reports -- against Defendants County and Sibbitt is DISMISSED with prejudice and without leave to amend.

### D.   Cruel and Unusual Punishment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As mentioned above, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to

satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733.

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Hudson*, 503 U.S. at 9-10 (Eighth Amendment excludes from constitutional recognition de minimis uses of force). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

Here, Plaintiff alleges that after the alleged assault, he was "kept away from inmate witnesses within the jail intake section without anything to sit on, without running water, and . . . kept in very freezing temperatures from about 8:00 pm thru to approximately 7:00 am." (Compl. at 5.) The Court finds no cruel and unusual punishment because Plaintiff was merely inconvenienced for a short period of time and thus he only suffered de minimis injuries. Accordingly, Plaintiff's claim for cruel and unusual punishment relating to the aforementioned conditions is DISMISSED with prejudice and without leave to amend.

### E. Supervisory and Municipal Liability

Plaintiff sues Defendant Livingston in his supervisory capacity. Plaintiff does not allege facts demonstrating that Defendant Livingston violated his federal rights, but seems to claim Defendant Livingston is liable based on the conduct of his subordinates, Defendants County and Sibbitt. There is, however, no *respondeat superior* liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Accordingly, Plaintiff's supervisory liability claim against Defendant Livingston is DISMISSED without prejudice.

Similarly, Plaintiff has not alleged grounds for municipal liability against Defendant City of

Martinez based on any theory other than that of *respondeat superior*, which is also not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under *respondeat superior* theory). Accordingly, Plaintiff's claim against Defendant City of Martinez is DISMISSED without prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's amended complaint states a cognizable Eighth Amendment claim against Defendants County and Sibbitt.

2. Plaintiff's due process claim -- relating to alleged falsification of reports -- against Defendants County and Sibbitt is DISMISSED with prejudice and without leave to amend.

3. Plaintiff's claim for cruel and unusual punishment relating to the aforementioned conditions after the alleged assault is DISMISSED with prejudice and without leave to amend.

4. Plaintiff's supervisory liability claim against Defendant Livingston and municipal liability claim against Defendant City of Martinez are DISMISSED without prejudice.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 15) and a copy of this Order to **Contra Costa County Sheriff's Deputies R. County and M. Sibbitt**. The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the Contra Costa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

1  (This allows a longer time to respond than would be required if formal service of summons is
2  necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that
3  more completely describes the duties of the parties with regard to waiver of service of the summons.
4  If service is waived after the date provided in the Notice but before Defendants have been
5  personally served, the Answer shall be due **sixty (60) days** from the date on which the request for
6  waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7.  Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.  No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available

8

administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

   d.   Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

   e.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9.   All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

11.   Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: May 7, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE