1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    DAVID ESCO WELCH,                     Case No.  12-cv-01506-WHO (PR)
                Plaintiff,
10
                                           **ORDER OF DISMISSAL**
11        v.

12   R. COUNTY, et al.,
                Defendants.
13

14

15                            **INTRODUCTION**

16        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by plaintiff

17   David Welch, a state prisoner proceeding pro se.  The remaining defendants, R. County

18   and M. Sibbit, Contra Costa Sheriff's deputies, move to dismiss the action because Welch

19   failed to exhaust his administrative remedies.  For the reasons stated herein, the motion is

20   GRANTED and the action is DISMISSED.

21                             **DISCUSSION**

22        The Contra Costa County Sheriff's Office employs a detailed grievance procedure

23   for inmates with complaints, starting with an informal, oral grievance and, if the complaint

24   is not resolved, a formal written grievance to be filed within 48 hours of the incident in

25   question.  There are four further levels of appeal available to inmates, and according to

26   defendants each must be exhausted in order for an inmate to successfully challenge prison

27   conditions under 42 U.S.C. § 1983.

28

United States District Court
Northern District of California

Welch alleges that defendants used excessive force against him on February 17, 2011 while he was housed at the Martinez Detention Facility ("MDF"), one week before he was transferred to San Quentin.[1]  He admits, however, that he did not exhaust his administrative remedies as to these claims.  (Compl. at 1.)  He says that he made a statement the day after the incident to Sgt. Aranda at MDF, but does not indicate the content of the statement.  (Pl.'s Opposition Memorandum, Dkt. 32, ("Opp.") at 3.)  Defendants allege that there is no record of an informal grievance, but there is agreement that Welch did not make a written grievance at all, let alone with the 48 hours allowed by the Contra Costa County Sheriff's Office policy.  Welch first contacted authorities about his grievances 11 months after the alleged incident.  (Defs.' Reply to Opp. at 2.)  He admits that he was held at MDF for a week before his transfer but does not explain why he did not pursue his administrative remedies during that week.  (Opp. at 3.)

Prisoners must properly exhaust their administrative remedies before filing suit in federal court.  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and is no longer left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

The undisputed record shows that Welch failed to exhaust his administrative remedies.  His explanation of what he did with respect to his complaint does not address, let alone excuse, the requirement.  By his own admission, he had time to pursue the process while at MDF and did not.  He then waited 11 months before attempting to raise his grievances.  Accordingly, defendants' motion to dismiss for failure to exhaust (Docket No. 28) is GRANTED.

---

[1] Defendants assert that he was transferred to state prison 18 days after the incident, on March 3, 2011.  (Defs.' Mot. to Dismiss at 2.)

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss (Docket No. 28) is GRANTED, and the action is DISMISSED without prejudice to Welch refiling his suit after exhausting his administrative remedies.  Welch's motions for the appointment of counsel (Docket No. 26 and 33) are DENIED because he has not shown that exceptional circumstances are present.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

The Clerk shall terminate Docket Nos. 26, 28 and 33, enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED.**

**Dated:**  January 24, 2014

_____
WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID ESCO WELCH et al,

              Plaintiff,

   v.

R COUNTY et al,

              Defendant.

_____/

Case Number: CV12-01506 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 24, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

David Esco Welch E-25702
San Quentin State Prison 3-EY-47
San Quentin, CA 94974

Dated: January 24, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk